Elizabeth UNGUREANU; Daniel Ungureanu, Plaintiffs–Appellants,

v.

A. TEICHERT & SON, INC.; Ronald Wolfson, Defendants–Appellees.

No. 13–16198.

United States Court of Appeals, Ninth Circuit.

Submitted March 10, 2015.*

Filed March 24, 2015.

Elizabeth Ungureanu, Boise, ID, pro se.

Daniel Ungureanu, Boise, ID, pro se.

Larry Kazanjian, Esquire, Palmer Kazanjian Wohl Hodson, LLP, Glenn M. Holley, Schuering Zimmerman & Doyle, LLP, Sacramento, CA, for Defendants–Appellees.

Before: FARRIS, WARDLAW, and PAEZ, Circuit Judges.

MEMORANDUM **

Elizabeth and Daniel Ungureanu appeal pro se from the district court's judgment dismissing their employment action alleging federal and state law violations. We have jurisdiction under 28 U.S.C. § 1291. We review de novo the district court's dismissal for failure to state a claim, *Dwor-*

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

**620**

*kin v. Hustler Magazine, Inc.,* 867 F.2d 1188, 1192 (9th Cir.1989), and its denial of a motion to remand, *Chapman v. Deutsche Bank Nat'l Trust Co.,* 651 F.3d 1039, 1043 (9th Cir.2011). We affirm.

Contrary to the Ungureanus' contentions, the district court properly treated defendants' motion to dismiss as timely. *See* Fed.R.Civ.P. 12(c), (h)(2)(b) (describing time limits for filing a motion to dismiss). Further, their allegations do not identify any new fraud, and the application of claim preclusion was appropriate.

The district court properly denied the Ungureanus' motion to remand their state law claims to state court because the state and federal claims are part of the same case or controversy, affording the district court supplemental jurisdiction over the state law claims. *See* 28 U.S.C. § 1367(a); *Bahrampour v. Lampert,* 356 F.3d 969, 978 (9th Cir.2004) (discussing when a court may exercise supplemental jurisdiction). As a result, their argument regarding the timeliness of their motion to remand is irrelevant.

Teichert's request for fees and costs is denied without prejudice to filing a proper motion under Federal Rule of Appellate Procedure 38.

**AFFIRMED.**